# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2022-0487, <u>V.M. v. J.M.</u>, the court on February 27, 2023, issued the following order:**

The plaintiff's motion to strike "extra-record information" in the defendant's brief and appendix, to which the defendant does not object, is granted.  The court has not considered the stricken documents or the arguments based solely upon them.

The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order.  <u>See</u> <u>Sup. Ct. R.</u> 20(2).  The defendant, J.M., appeals the order of the Circuit Court (<u>Forrest</u>, J.) denying his motion to reopen a domestic violence case, or for a new trial.  He argues that the court erred in denying his motion in light of additional evidence allegedly showing that the plaintiff, V.M., misrepresented material facts.  We affirm.

As an initial matter, we reject the defendant's argument that the trial court's decision should be reviewed <u>de</u> <u>novo</u>.  The trial court has broad discretion in deciding whether to reopen a matter based upon newly-discovered evidence.  <u>In the Matter of Spenard & Spenard</u>, 167 N.H. 1, 3 (2014).  We will not overturn the trial court's decision absent an unsustainable exercise of discretion.  <u>Id</u>.  This means that we review the record only to determine whether it contains an objective basis to sustain the trial court's discretionary judgment.  <u>Id</u>.

The "new evidence" submitted with the motion did not directly challenge the finding that an incident of domestic violence occurred.  The additional document regarding the plaintiff's alleged motive to testify falsely related to matters that had been the subject of cross-examination at the hearing.  The trial court could have reasonably concluded that the additional evidence was not likely to produce a different result if the matter were reopened or a new hearing were held.  <u>See</u> <u>State v. Bader</u>, 148 N.H. 265, 282 (2002) (moving party must show that a different result would probably be reached in a new trial).

1

Accordingly, we cannot conclude that the trial court unsustainably exercised its discretion in denying the motion. <u>See</u> <u>Spenard</u>, 167 N.H. at 3.

<u>Affirmed</u>.

MacDonald, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**